# Exhibit 2

1  DAVID N. BARRY, ESQ. (SBN 219230)
   THE BARRY LAW FIRM
2  11845 W. Olympic Blvd., Suite 1270
   Los Angeles, CA 90064
3  Telephone: 310.684.5859
   Facsimile: 310.862.4539
4
   Attorneys for Plaintiff, JUNG MOK
5

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/22/2023 8:46 AM.
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

6

7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9     FOR THE COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE

10 | JUNG MOK, an individual,                  Case No.  23STCV11423
11 |
12 |                    Plaintiff,
13 |       v.                                   COMPLAINT FOR DAMAGES
14 |
15 | NISSAN NORTH AMERICA, INC., A Delaware
16 | Corporation; and DOES 1 through 20, inclusive,
17 |                    Defendants.
18 |                                            *Assigned for all purposes to the Hon.*
                                                *in Dept.*
19
20

21      1.  Breach of Implied Warranty of Merchantability under The Song-Beverly Act.

22      2.  Breach of Express Warranty under The Song-Beverly Act.

23      JURY TRIAL DEMANDED.

24

25

26

27

28

-1-
**COMPLAINT FOR DAMAGES**

PLAINTIFF JUNG MOK, an individual, hereby alleges and complains as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1.     Defendant, NISSAN NORTH AMERICA, INC, A Delaware Corporation doing business in the County of Los Angeles, State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of Infiniti motor vehicles and related equipment.

2.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants, Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when Plaintiff has ascertained them.  Further, Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to Plaintiff as herein alleged.

3.     NISSAN NORTH AMERICA, INC. and Defendants, Does 1 through 20, inclusive, are collectively hereinafter referred to as "Defendants."

4.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in doing the things hereinafter alleged Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or employees, and with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

5.     On October 30, 2021, Plaintiff purchased a 2022 Infiniti QX55, VIN 3PCSJ5J39NF104681(hereinafter referred to as the "Vehicle"), for personal, family, and/or household purposes. The Retail Installment Sale Contract ("Contract") is in the possession of Defendants.

6.     The Vehicle was/is a "new motor vehicle" under The Song-Beverly Warranty Act (hereinafter the "Song-Beverly Act").

7.     Plaintiff received written warranties and other express and implied warranties including,

**COMPLAINT FOR DAMAGES**

1    but not limited to, warranties from Defendants that the Vehicle and its components would be free

2    from all defects in material and workmanship; that the Vehicle would pass without objection in the

3    trade under the Contract description; that the Vehicle would be fit for the ordinary purposes for which

4    it was intended; that the Vehicle would conform to the promises and affirmations of fact made, that

5    it would provide safe and reliable transportation; that Defendants would perform any repairs,

6    alignments, adjustments, and/or replacements of any parts necessary to ensure that the Vehicle was

7    free from any defects in material and workmanship.

8          8.     Defendants provide all Infiniti customers, including Plaintiff, with a New Vehicle

9    Limited Warranty with the purchase or lease of an Infiniti vehicle. The New Vehicle Limited

10   Warranty for the Vehicle, which includes a "Bumper to Bumper" warranty as well as a Powertrain

11   warranty, includes in relevant part:[1]

> **"New Vehicle Limited Warranty**
> **Basic Coverage:**
> The basic coverage period is 48 months or 60,000 miles, whichever comes first.
> **Powertrain:**
> The Powertrain coverage period is 72 months or 70,000 miles, whichever comes first.
> **Warranty Applies:**
> This warranty is provided to the original and subsequent owner(s) of an Infiniti vehicle originally distributed by Infiniti which is originally sold by a Infiniti authorized Infiniti retailer in the United States, and which is registered and normally operated in the United States (including Alaska and Hawaii), the United States territories (specifically Guam, Saipan, American Samoa, Puerto Rico, and the U.S. Virgin Islands), and Canada.
> **No Charge:**
> Warranty repairs will be made at no charge for parts and/or labor (except for tires, in which case you may pay certain charges).
> **Obtaining Repairs:**
> You must take the vehicle to an authorized Infiniti retailer in the United States or Canada during regular business hours at your expense in order to obtain warranty service. The names and addresses of authorized Infiniti retailers are listed in telephone directories.

---

[1] https://www.infinitiusa.com/content/dam/Infiniti/US/manuals_guides/shared/2022/2022-infiniti-warranty-booklet.pdf (last accessed on April 21, 2023)

**COMPLAINT FOR DAMAGES**

**Warranty Period:**

The warranty period begins on the date the vehicle is delivered to the first retail buyer or put into use, whichever is earlier.

**Basic Coverage:**

This warranty covers any repairs needed to correct defects in materials or workmanship of all parts and components of each new Nissan vehicle supplied by Nissan subject to the exclusions listed under the heading "WHAT IS NOT COVERED" or, if the part is covered by one of the separate coverages described in the following sections of this warranty, that specific coverage applies instead of the basic coverage.

**Powertrain Coverage:**

Powertrain coverage applies to components listed below under the headings Engine, Transmission and Transaxle, Drivetrain, and Restraint System, supplied by Nissan subject to the exclusions listed under the heading "WHAT IS NOT COVERED".

**Engine Coverage includes:**

Cylinder heads and block and all internal parts, rocker covers and oil pan, valve train and front cover, timing chain and tensioner, oil pump, water pump and fuel pump, fuel injectors, intake and exhaust manifolds and turbocharger, flywheel, seals, and gaskets.

**Transmission/Transaxle Coverage:**

Case and all internal parts, torque converter and converter housing, automatic transmission control module, transfer case and all internal parts, seals and gaskets, clutch cover and housing, A/T cooler, and electronic transmission controls."

9.    Plaintiff has duly performed all the conditions on Plaintiff's part under the Contract and under the express and implied warranties given to Plaintiff, except insofar as the acts and/or omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such performance.

10.    Plaintiff has delivered the Vehicle to the Defendants' authorized service and repair facilities, agents and/or dealers, on at least three (3) separate occasions resulting in the Vehicle being out of service by reason of repair of nonconformities. Repair orders and/or invoices related to said repair presentations are in the possession of Defendants.

11.    By way of example, and not by way of limitation, on January 18, 2022, Plaintiff delivered the Vehicle to a repair facility authorized by Defendants, notifying Defendants that the brake system was producing abnormal noises. The Vehicle was then returned to Plaintiff and

1 | Defendants' authorized service technician represented to Plaintiff that the Vehicle was then operating
2 | as intended and was safe to drive.  Plaintiff reasonably relied on this representation by the service
3 | technician at the Defendants' authorized repair facility. All diagnostics/repairs were covered under
4 | Defendants' written warranty.

12. Plaintiff again delivered the Vehicle to a repair facility authorized by Defendants, on January 25, 2022, informing Defendants that the brake system was producing abnormal noises. Defendants authorized service technician verified the concern and resulted in resurfacing the brake rotors. After being in custody for three (3) days the Vehicle was returned to Plaintiff. Defendants' authorized service technician represented to Plaintiff that the Vehicle was then operating as intended and was safe to drive. Plaintiff reasonably relied on this representation by the service technician at the Defendants' authorized repair facility. All diagnostics/repairs were covered under Defendants' written warranty.

13. On December 14, 2022, Plaintiff again delivered the Vehicle to a repair facility authorized by Defendants, notifying Defendants for the third time that the brake system was creating a screeching noise. Defendants authorized service technician verified the concern and replaced the rear brakes and the machine rotors. The Vehicle was then returned to Plaintiff and Defendants' authorized service technician represented to Plaintiff that the Vehicle was then operating as intended and was safe to drive. Plaintiff reasonably relied on this representation by the service technician at the Defendants' authorized repair facility. All diagnostics/repairs were covered under Defendants' written warranty.

14. Each time Plaintiff delivered the nonconforming Vehicle to Defendants' authorized service and repair facility, Plaintiff notified Defendants, and each of them, of the defects, malfunctions, misadjustments, and/or nonconformities existent with the Vehicle and demanded that Defendants or its representatives repair, adjust, and/or replace any necessary parts to conform the Vehicle to the applicable warranties.

15. Each time Plaintiff delivered the nonconforming Vehicle to Defendants' authorized service and repair facility, Defendants, and each of them, represented to Plaintiff that they could and would conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to

**COMPLAINT FOR DAMAGES**

said warranties, and that all the defects, malfunctions, misadjustments, and/or nonconformities have been repaired; however, Defendants or their representatives failed to conform the Vehicle to the applicable warranties because said defects, malfunctions, misadjustments, and/or nonconformities continue to exist even after a reasonable number of attempts to repair was given.

16.     The amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief.  In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**COMPLAINT FOR DAMAGES**

## FIRST CAUSE OF ACTION

### Breach of Implied Warranty of Merchantability under The Song-Beverly Act

#### Against all Defendants

17.     Plaintiff realleges each and every paragraph (1-16) and incorporates them by this reference as though fully set forth herein.

18.     The distribution and sale of the Vehicle was accompanied by the Defendants' implied warranty that the Vehicle was merchantable.

19.     Furthermore, Defendants, and each of them, impliedly warranted, inter alia, that the Vehicle would pass without objection in the trade under the Contract description; that the Vehicle was fit for the ordinary purposes for which it was intended; that the Vehicle was adequately assembled; and/or that the Vehicle conformed to the promises or affirmations of fact made to Plaintiff.

20.     As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities alleged herein, the Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect; because it could not pass without objection in the trade under the Contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

21.     Upon discovery of the Vehicle's nonconformities, Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time that the Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

22.     Plaintiff hereby gives written notice and justifiably revokes acceptance of the nonconforming Vehicle under the Commercial Code sections 2607 and 2608. Plaintiff further demands that Defendants cancel the sale, take back the nonconforming Vehicle, refund all the money expended, pay the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted, and/or pay damages under the Commercial Code sections 2711, 2714, and 2715. Defendants, and each of them, have, however, refused to comply.

23.     Plaintiff hereby gives written notice and makes demand upon Defendants for replacement or restitution, pursuant to the Song-Beverly Act. Defendants, and each of them, knew of their obligations under the Song-Beverly Act; however, despite Plaintiff's demand, Defendants and each of them, have intentionally failed and refused to make restitution or replacement pursuant to the Song-Beverly Act.

24.     As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiff has sustained damage in the amount actually paid or payable under the Contract, plus prejudgment interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

25.     As a further result of the actions of Defendants, and each of them, Plaintiff has sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set forth the exact amount of incidental damages when that amount is ascertained.

26.     As a further result of the actions of Defendants, and each of them, Plaintiff has sustained damages equal to the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted.

27.     As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to the Song-Beverly Act, Plaintiff, in addition to other remedies, is entitled to the recovery of attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

///

///

///

///

///

///

///

-8-
**COMPLAINT FOR DAMAGES**

1

## SECOND CAUSE OF ACTION

2

### Breach of Express Warranty under The Song-Beverly Act

3

#### Against all Defendants

4
28.     Plaintiff realleges each and every paragraph (1-27) and incorporates them by this

5
reference as though fully set forth herein.

6
29.     The Vehicle had defects, malfunctions, misadjustments, and/or nonconformities

7
covered by the warranty that substantially impaired its value, use, or safety to Plaintiff.

8
30.     Plaintiff delivered the Vehicle to Defendants or their authorized repair facilities for

9
repair.

10
31.     Defendants, and each of them, failed to service or repair the Vehicle to match the

11
written warranty after a reasonable number of opportunities to do so.

12
32.     The acts and/or omissions of Defendants, and each of them, in failing to perform the

13
proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable

14
express warranties constitute a breach of the express warranties that Defendants provided to Plaintiff,

15
thereby breaching Defendants' obligations under the Song-Beverly Act.

16
32.     Defendants, and each of them, failed to perform the necessary repairs and/or service in

17
good and workmanlike manner. The actions taken by Defendants, and each of them, were insufficient

18
to make the Vehicle conform to the express warranties and/or proper operational characteristics of

19
like vehicles, all in violation of Defendants' obligations under the Song-Beverly Act.

20
33.     Plaintiff hereby gives written notice and makes demand upon Defendants for

21
replacement or restitution, pursuant to the Song-Beverly Act. Defendants and each of them, knowing

22
their obligations under the Song-Beverly Act, and despite Plaintiff's demand, failed and refused to

23
make restitution or replacement according to the mandates of the Song-Beverly Act. The failure of

24
Defendants, and each of them, to refund the price paid and payable or to replace the Vehicle was

25
intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's

26
actual damages.

27
34.     As a result of the acts and/or omissions of Defendants, and each of them, and pursuant

28
to the provisions of the Song-Beverly Act, Plaintiff is entitled to replacement of the Vehicle or

**COMPLAINT FOR DAMAGES**

1    restitution of the amount actually paid or payable under the Contract, at Plaintiff's election, plus

2    prejudgment interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set

3    forth the exact amount of restitution and interest, upon election, when that amount has been

4    ascertained.

5        35.    Additionally, as a result of the acts and/or omissions of Defendants, and each of them,

6    and pursuant to the Song-Beverly Act, Plaintiff has sustained and is entitled to consequential and

7    incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff

8    will seek leave to amend this Complaint to set forth the exact amount of consequential and/or

9    incidental damages, when those amounts have been ascertained.

10        36.    As a direct result of the acts and/or omissions of Defendants, and each of them, and in

11    pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to the Song-

12    Beverly Act, Plaintiff, in addition to other remedies, is entitled to the recovery of attorneys' fees

13    based upon actual time expended and reasonably incurred, in connection with the commencement

14    and prosecution of this action.

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

**COMPLAINT FOR DAMAGES**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

A.   For replacement or restitution, at Plaintiff's election, according to proof;

B.   For incidental damages, according to proof;

C.   For consequential damages, according to proof;

D.   For a civil penalty as provided in The Song-Beverly Act, in an amount not to exceed two times the amount of Plaintiff's actual damages;

E.   For actual attorneys' fees, reasonably incurred;

F.   For costs of suit and expenses, according to proof;

G.   For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

H.   For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

I.   For pre-judgment interest at the legal rate;

J.   Such other relief the Court deems appropriate.

Date:   April 21, 2023

THE BARRY LAW FIRM

By:
DAVID N. BARRY, ESQ.
Attorney for Plaintiff,
JUNG MOK

# THE BARRY LAW FIRM

Main Office

11845 W. Olympic Boulevard
Suite 1270
Los Angeles, California 90064

Telephone (310) 684-5859 ◆ Facsimile (310) 862-4539
dbarry@mylemonrights.com

May 22, 2023

**VIA PERSONAL DELIVERY**

Agent for Service of Process for Nissan North America, Inc.
CSC Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

   *Re:*   *Mok, Jung v. Nissan North America, Inc.*
        *Case No.: 23STCV11423*

Dear Agent for Process of Service for Nissan North America, Inc.:

   Enclosed with this correspondence you will find a copy of the operative Summons and Complaint directed against your client. In addition to service of this lawsuit, please allow this letter to serve as formal notice of your obligations to maintain critical and crucial evidence. Accordingly, demand is made that evidence be preserved in this matter including but not limited to, documents, email correspondence, voice recordings, conversations involving Plaintiff, or conversations with the Plaintiff.

   Spoilation of evidence means the destruction or significant alteration of evidence, or the failure to preserve evidence for another's use in pending or future litigation. See *Williams v. Russ* (2008) 167 Cal. App. 4th 1215; *Willard v. Caterpillar, Inc.* (1995) 40 Cal. App. 4th 892, 907; *Kearney v. Foley & Lardner, LLP* (9th Cir. 2009) 590 F. 3d 638 (applying California law). Spoilation undermines the search for truth and fairness by creating a false picture of the evidence before the trier of fact by destroying authentic evidence. *See Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal. 4th 1.

   While the California Civil Discovery Act does not specifically prohibit spoilation of evidence before a lawsuit has been filed, or before a discovery request [emphasis added] (See *Dodge, Warren & Peters, Inc. v. Reilly* (2003) 105 Cal. App. 4th 1414, 1419, a party cannot destroy evidence in response to a discovery request after litigation has commenced, or in anticipation of a discovery request. [emphasis added] See *Cedar-Sinai, supra.* Furthermore, California courts may issue an injunction in aid of discovery, requiring a party to preserve a relevant evidence in its possession for discovery purposes. See *Dodge* at 1419. Disobedience of such a court order constitutes an abuse of discovery for which the court may impose sanctions

under *Code of Civil Procedure* § 2023.030. *CCP* § 2023.030 provides for the imposition of monetary sanctions, issue sanctions, evidentiary sanctions, terminating sanctions, and consent sanctions. See *CCP* § 2023.030(a) – (e).

"...[S]uch intentional destruction of evidence is a misuse of the discovery process that is subject to a broad range of sanctions under *CCP* § 2023.030 as described above. See *Williams, supra*. The trial court has broad discretion in selecting discovery sanctions subject to reversal only for abuse. See *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal. App. 4th 967, 992. Moreover, discovery sanctions under California law are intended to remedy discovery abuse not to punish the offending party. See *Williams* at 1223. The trial court is to consider both the conduct being sanctioned and its effect on the party seeking discovery and, in choosing a sanction, should attempt to tailor the sanction to the harm caused by the withheld discovery. See *Doppes* at 992.

It is our understanding that your client routinely deletes voice recordings and/or conversations regarding a particular customer or their vehicle within a given amount of time. Demand is made that these recordings and conversations be preserved and not deleted. Furthermore, demand is also made that all components removed from the subject vehicle at issue in this lawsuit be preserved for later inspection and/or diagnosis.

Thank you for your courtesy and cooperation. Please be further advised that nothing in this letter shall be construed as a waiver of any of Plaintiff's rights in this matter.

Very Truly Yours,

THE BARRY LAW FIRM

David N. Barry, Esq.

DNB/km
Enclosures

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

NISSAN NORTH AMERICA, INC. A Delaware Corporation; and
DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JUNG MOK, an individual,

> *FOR COURT USE ONLY*
> *(SOLO PARA USO DE LA CORTE)*
>
> Electronically FILED by
> Superior Court of California,
> County of Los Angeles
> 5/22/2023 8:46 AM
> David W. Slayton,
> Executive Officer/Clerk of Court,
> By E. Galicia, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 North Hill Street
Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*
**23STCV11423**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David N. Barry, Esq. 11845 W. Olympic Blvd., Suite 1270, Los Angeles, CA 90064 (310) 684-5859

DATE: 05/22/2023                David W. Slayton, Executive Officer/Clerk of Court
*(Fecha)*                    Clerk, by                              , Deputy
                          *(Secretario)* _____ E. Galicia _____  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Nissan North America, Inc.

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



**null / ALL**
**Transmittal Number: 26987949**
**Date Processed: 05/24/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Sherry Robinson<br>Nissan North America, Inc.<br>One Nissan Way<br>Franklin, TN 37067-6367 |
| **Electronic copy provided to:** | Tonya Brooks<br>Sandy Hughes<br>Catherine Reidy<br>Illianov Lopez<br>Stephanie Brock<br>Kimberly Ross<br>Samaritan Potter<br>Courtney Smith |

| | |
|---|---|
| **Entity:** | Nissan North America, Inc.<br>Entity ID Number  4255884 |
| **Entity Served:** | Nissan North America, Inc. |
| **Title of Action:** | Jung Mok vs. Nissan North America, Inc. |
| **Matter Name/ID:** | Jung Mok vs. Nissan North America, Inc. (14113270) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Breach of Warranty |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 23STCV11423 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/23/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | The Barry Law Firm<br>310-684-5859 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com